NOTICE

Decision filed 06/07/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0513

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

MICHAEL G. RATH, Guardian of the Estate of ) Appeal from the
Elizabeth Rath, a Disabled Person, ) Circuit Court of
) Jackson County.
   Plaintiff-Appellee and Cross-Appellant, )
)
v. ) No. 02-L-95
)
CARBONDALE NURSING AND )
REHABILITATION CENTER, INC., ) Honorable
) William G. Schwartz,
   Defendant-Appellant and Cross-Appellee. ) Judge, presiding.
_____

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Michael G. Rath, guardian of the estate of Elizabeth Rath, a disabled person, filed suit against defendant, Carbondale Nursing and Rehabilitation Center, Inc., requesting damages pursuant to the Nursing Home Care Act (Act) (210 ILCS 45/1-101 *et seq.* (West 2004)). The circuit court of Jackson County entered a judgment on a jury verdict awarding damages to plaintiff. The court also awarded plaintiff attorney fees and costs. On appeal, the issues are (1) whether the trial court errantly allowed evidence of negligent conduct by defendant and (2) whether the court awarded a proper amount for attorney fees. We affirm.

FACTS

On October 14, 2000, Elizabeth Rath was placed in defendant's nursing home facility. She stayed in the facility until plaintiff, her son, requested her discharge on November 24, 2000. The next day she was taken to Memorial Hospital of Carbondale. The records from the hospital note dehydration, pressure sores, and a urinary tract infection.

Plaintiff filed suit, alleging numerous negligent acts by defendant, including a failure

1

to employ and train sufficient personnel, a failure to properly examine and monitor, a failure to administer proper nutrition and medication, a failure to regularly move and reposition, a failure to properly treat pressure sores and clean the body, and a failure to bring in medical personnel. Plaintiff also alleged that defendant's negligence was a direct and proximate cause of severe and permanent personal injury to Elizabeth Rath. In a separate count, plaintiff alleged that the negligent acts of defendant violated the Act. In its answer to the complaint, defendant admitted numerous acts of negligence.

Plaintiff filed requests to admit. In response, defendant admitted numerous negligent acts. For example, defendant admitted that it failed to adequately chart several aspects of Elizabeth Rath's health and failed to timely notify a physician. Defendant also admitted that Elizabeth Rath stopped consuming adequate amounts of food and water while a resident and that her clinical record did not show a medical reason that would indicate that dehydration was unavoidable. Defendant admitted that Elizabeth Rath developed pressure sores and that her mental status changed during her stay.

The trial court entered a partial summary judgment for plaintiff. The court found several instances in which defendant was negligent. The court found that defendant allowed Elizabeth Rath to become dehydrated, failed to properly chart her bodily functions and dietary consumption, and failed to notify a physician in a timely manner.

Defendant filed a motion *in limine* asking the court to prevent plaintiff from discussing or presenting testimony on the negligent acts admitted by defendant. For example, defendant sought to prevent any reference to its records of the nutritional status, dietary consumption, or bodily functions of Elizabeth Rath. Defendant also sought to bar any testimony or records regarding Elizabeth Rath's pressure sores and lethargic behavior. The court denied the motion.

At the trial, plaintiff presented several witnesses who, defendant asserts, would have

2

violated an order *in limine*, if the court had granted defendant's motion. The trial court allowed testimony from representatives of the Illinois Department of Public Health and records from the Egyptian Human Rights Commission, as well as testimony from medical experts regarding the care rendered to Elizabeth Rath and how such care was substandard.

The jury returned a verdict in favor of plaintiff in the amount of $200,000. The court entered a judgment on the verdict and also awarded plaintiff attorney fees of $90,018 and costs of $10,869.65 pursuant to the Act.

Defendant appealed, and plaintiff cross-appealed.

ANALYSIS

I. Admissions

Defendant contends that the trial court erred by allowing evidence on matters that had been admitted. Defendant made numerous admissions in responsive pleadings, answers to requests to admit, and responses to motion for a summary judgment. Defendant contends that these responses constituted judicial admissions and made any discussion of the care rendered to Elizabeth Rath irrelevant and prejudicial.

"A judicial admission is a deliberate, clear, unequivocal statement of a party, about a concrete fact, within the party's peculiar knowledge." *Wausau Insurance Co. v. All Chicagoland Moving & Storage Co.*, 333 Ill. App. 3d 1116, 1122, 777 N.E.2d 1062, 1068 (2002). Judicial admissions are binding upon the party making them and may not be controverted. *Wausau Insurance Co.*, 333 Ill. App. 3d at 1122, 777 N.E.2d at 1068-69. " 'Judicial admissions are not evidence at all but rather have the effect of withdrawing a fact from contention.' " *Pryor v. American Central Transport, Inc.*, 260 Ill. App. 3d 76, 85, 629 N.E.2d 1205, 1211 (1994) (quoting M. Graham, Evidence Text, Rules, Illustrations and Problems, at 146 (1983)). "The purpose of the rule is to remove the temptation to commit perjury." *In re Estate of Rennick*, 181 Ill. 2d 395, 407, 692 N.E.2d 1150, 1156 (1998).

3

"[A] trial court may exclude evidence on an issue which has been judicially admitted because: (1) the evidence is no longer relevant to the issues remaining in the case; (2) the evidence may be superfluous and confusing; and (3) the other party may not necessarily be entitled to the additional dramatic force of the evidence ***." *Davis v. International Harvester Co.*, 167 Ill. App. 3d 814, 824, 521 N.E.2d 1282, 1288 (1988) (citing 9 J. Wigmore, Evidence §2591, at 824 (Chadbourn rev. ed. 1981)). The rule, however, is not absolute. A trial court is afforded discretion in evidentiary rulings, and its decision will not be disturbed absent an abuse of that discretion. *Stallings v. Black & Decker* (*U.S.*)*, Inc.*, 342 Ill. App. 3d 676, 683, 796 N.E.2d 143, 149 (2003). As stated in Wigmore's treatise:

"Nevertheless, a colorless admission by the opponent may sometimes have the effect of depriving the party of the legitimate *moral force of his evidence;* furthermore, a judicial admission may be cleverly made with grudging limitations or evasions or insinuations (especially in criminal cases), so as to be technically but not practically a waiver of proof. Hence, there should be no absolute rule on the subject; and the trial court's discretion should determine whether a particular admission is so plenary as to render the first party's evidence wholly needless under the circumstances." (Emphasis in original.) 9 J. Wigmore, Evidence §2591, at 824-25 (Chadbourn rev. ed. 1981).

A categorical description of the admissions as judicial does not resolve the issue at hand. Despite the admission of negligent conduct, a discussion of the care rendered to Elizabeth Rath was still necessary to determine the merits of plaintiff's claim. In other words, the admissions were limited in scope.

An initial question arises concerning the time frame for the conduct admitted by defendant. Plaintiff alleged defendant was negligent throughout Elizabeth Rath's stay. In its answer to the amended complaint, defendant admitted that it carelessly and negligently

4

failed to monitor for skin care, dehydration, and nutrition, but it limited its admission to the conduct in the "approximate last week" of Elizabeth Rath's residence. This limitation was an apparent part of defendant's presentation to the jury. At the trial, defendant argued that it had been negligent, but only during the last week of Elizabeth Rath's stay.

In light of the time limitation, the contested testimony was still relevant. Plaintiff did not limit his claim of negligence to the last week of Elizabeth Rath's residence, but rather he presented evidence on the treatment rendered to Elizabeth Rath throughout the duration of her stay. For example, Dr. Diel, a treating physician, testified that Elizabeth Rath must have lacked proper hydration and nutrition for some time to reach her debilitated condition. Defendant's assertion that any negligent conduct occurred only during the last week of her residency is the type of grudging limitation that prevents an admission from being a practical waiver of proof. See 9 J. Wigmore, Evidence §2591, at 824 (Chadbourn rev. ed. 1981). Plaintiff was entitled to present evidence regarding treatment throughout Elizabeth Rath's stay, considering defendant's limited admissions of negligence to a limited period of time.

Even if defendant had admitted negligent conduct for the entirety of Elizabeth Rath's stay, evidence of the care given to her would still be relevant. A description of the course of care was necessary for an understanding of plaintiff's claim. On appeal, defendant asserts that the testimony was merely cumulative, and possibly inflammatory, because liability was admitted. This position raises an interesting question: How could a jury assess damages without discussing the care rendered a patient when a part of the alleged pain and suffering occurred during the ongoing treatment itself? We need not address this question, however, because liability was not admitted.

Defendant contested causation. In its answer to plaintiff's complaint, defendant flatly denied both direct and proximate cause, and causation was not addressed by the requests to admit or the summary judgment. Defendant admitted that there was a duty of care and that

5

it was breached, but liability was contested. See *Long v. Yellow Cab Co.*, 137 Ill. App. 3d 324, 328, 484 N.E.2d 830, 833 (1985).

The denial of causation was central to defendant's presentation to the jury. In closing argument, defendant asserted that any harm caused by its negligence was limited to relatively minor degrees of dehydration and skin breakdown. Defendant argued that just because Elizabeth Rath was injured did not mean that defendant caused all of her conditions. Defense counsel made a potentially persuasive conclusion: "All these things that happened and all these things that will continue to happen until [Elizabeth Rath] passes away from a complication or they disconnect the feeding tube are caused by the irreversible consequences of a hideous set of disease processes, and it would have happened whether or not she came into the nursing home."

The contested evidence was relevant to causation. In particular, the expert medical testimony was essential to this issue. Defendant contends the court erred by allowing Dr. Diel to testify about the care rendered to Elizabeth Rath during her residency at its facility. As a part of his testimony, Dr. Diel described the standard of care–including the failure to use protective measures for Elizabeth Rath's bedsores and the failure to notify a physician of dehydration. Dr. Diel opined that this treatment caused dehydration, malnutrition, and bedsores. Similarly, defendant objects to the testimony of plaintiff's retained expert, Dr. Blaise. Dr. Blaise opined that the level of care in the nursing home and the lack of care caused changes in Elizabeth Rath's level of consciousness. The description of the care rendered to Elizabeth Rath was essential to the issue of causation and was properly submitted to the jury.

Defendant relies on *Bullard v. Barnes*, 102 Ill. 2d 505, 519, 468 N.E.2d 1228, 1235 (1984). In *Bullard*, the trial court allowed evidence showing how the decedent's vehicle was forced off the road by Barnes' improper passing maneuver. In a succinct discussion, the

6

supreme court affirmed the appellate court and instructed the trial court, upon remand, to exclude any testimony describing the occurrence of the accident. The supreme court found that the evidence had been improperly admitted in light of the defendants' concession of liability. The supreme court stated, "We agree with defendants' argument that this evidence is not relevant on any issue to be retried and with the appellate court's opinion that its admission constituted reversible error." *Bullard*, 102 Ill. 2d at 519, 468 N.E.2d at 1235.

*Bullard* is readily distinguished. In *Bullard*, the only issues presented to the jury were the decedent's pain and suffering at the time of the accident and pecuniary loss to next of kin. The supreme court saw no need to expand on the more detailed description of the facts given by the appellate court decision it affirmed. *Bullard*, 102 Ill. 2d at 519, 468 N.E.2d at 1235, *aff'g* 112 Ill. App. 3d 384, 393, 445 N.E.2d 485, 492 (1983). The appellate court distinguished instances where the extent of attributable injury was at issue:

> "Plaintiffs argue that the location and speed of the vehicles were material to the nature and extent of decedent's injuries. This would be true in an injury case, especially when there is ground for believing that the plaintiff is exaggerating his injuries. However, it has no place in a wrongful death case, where the injuries led to death." *Bullard*, 112 Ill. App. 3d at 393, 445 N.E.2d at 492, *aff'd*, 102 Ill. 2d at 519, 468 N.E.2d at 1235.

*Bullard* limits itself to instances where there are no questions about the extent of injury attributable to an occurrence. In this case, causation was contested and the rule announced in *Bullard* does not apply.

Illinois courts have found that *Bullard* does not apply when a defendant denies liability. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 464, 605 N.E.2d 493, 507 (1992); *Long v. Yellow Cab Co.*, 137 Ill. App. 3d 324, 328, 484 N.E.2d 830, 833 (1985); see *Evoy v. CRST Van Expedited, Inc.*, 430 F. Supp. 2d 775, 780 (N.D. Ill. 2006). *Long*,

7

released shortly after *Bullard*, is instructive. *Long*, like *Bullard*, involved an automobile accident. In *Long*, the defendant admitted negligent driving but claimed that the plaintiff's injuries were not caused by the accident. *Long*, 137 Ill. App. 3d at 328, 484 N.E.2d at 833. Instead, the defendant argued that the plaintiff's condition was caused by either a prior accident or unrelated treatment. The appellate court found that, although the defendant admitted negligence, the description of the accident was still relevant to causation and damages. Thus, the evidence was properly admitted. *Long*, 137 Ill. App. 3d at 328, 484 N.E.2d at 833.

This case is similar to *Long* in that defendant admitted that it breached a duty, but it did not admit causation. As in *Long*, the question of what was attributable to negligence still remained. In both cases, a description of the negligent act would be relevant to contested questions of causation and damages. In this case, as in *Long*, the trial court acted correctly by allowing the evidence describing the underlying occurrence.

A plaintiff is entitled to prove every element of his claim. *Lee*, 152 Ill. 2d at 465, 605 N.E.2d at 507. If a stipulation is limited in a way that does not cover all the purposes for which the evidence is relevant, the evidence should not be excluded. *Stallings v. Black & Decker (U.S.), Inc.*, 342 Ill. App. 3d 676, 685, 796 N.E.2d 143, 150 (2003); see M. Graham, Cleary & Graham's Handbook of Illinois Evidence §403.1, at 166 (8th ed. 2004). In this case, defendant attempted to limit its admission to only a part of the time of the alleged negligence. Furthermore, defendant contested both proximate and direct causation. The trial court did not abuse its discretion by allowing testimony describing the treatment of Elizabeth Rath.

By our decision we do not wish to discourage judicial admissions. Admissions promote judicial efficiency. Furthermore, it is appropriate that a party that concedes a fact receives recognition for its good faith. In this case, defendant justly proclaimed to the jury

8

that it accepted blame for a breach of duty. Nonetheless, the trial court acted within its discretion. This is not a case where an admitted action, in itself, sufficiently provided the jury with enough uncontested detail to make an informed decision on the issue of causation. Defendant's argument on appeal is laden with examples of concessions of a breach of duty but short on descriptions of the testimony that was supposedly irrelevant and prejudicial. A review of the record reveals that the testimony was relevant beyond the conclusions conceded by defendant. Without that testimony, the jury would not have been able to make an informed determination of what caused Elizabeth Rath's condition.

## II. Attorney Fees

Defendant contends that the trial court erred by awarding attorney fees. The Act provides:

> "The licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights *** are violated." 210 ILCS 45/3-602 (West 2004).

Defendant asserts that the trial was not complex, and defendant points out that many issues had been admitted. Defendant also points out that plaintiff's counsel had entered into a contingency fee agreement. The claim that the case was simple is belied by our discussion of the effect of the admissions. Nonetheless, the Act carves out no exception for less troublesome cases. The legislature's use of the term "shall" indicates the fee shift is mandatory. *Berlak v. Villa Scalabrini Home for the Aged, Inc.*, 284 Ill. App. 3d 231, 235, 671 N.E.2d 768, 771 (1996). An award of attorney fees in this case is in line with the goals of encouraging private enforcement of and compliance with the Act. *Berlak*, 284 Ill. App. 3d at 236, 671 N.E.2d at 771; *Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 370, 489 N.E.2d 1374, 1383 (1986).

On cross-appeal, plaintiff asserts that the trial court improperly limited the amount of fees by referring to the contingency fee agreement. Plaintiff also asserts that the trial

9

court was obligated to award a lodestar amount based on the amount of time spent representing plaintiff. The cases cited by plaintiff do not address the fee-shift provision of the Act and do not control our decision. See *Brundidge v. Glendale Federal Bank, F.S.B.*, 168 Ill. 2d 235, 240, 659 N.E.2d 909, 912 (1995); *City of Burlington v. Dague*, 505 U.S. 557, 561, 120 L. Ed. 2d 449, 456, 112 S. Ct. 2638, 2641 (1992).

The fee-shifting provision of the Act was addressed in *Berlak*. In *Berlak*, a defendant asserted that the trial court erred by failing to take into account the existence of a contingency fee agreement when computing the award of fees under the Act. *Berlak* pointed out that the Act is silent on how the fees are to be computed. Hence, for guidance the court looked at other fee-shifting schemes in civil rights litigation. *Berlak*, 284 Ill. App. 3d at 240-41, 671 N.E.2d at 774; see *Dague*, 505 U.S. at 561, 120 L. Ed. 2d at 456, 112 S. Ct. at 2641 (1992); *City of Riverside v. Rivera*, 477 U.S. 561, 575, 91 L. Ed. 2d 466, 480, 106 S. Ct. 2686, 2695 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983); *Blanchard v. Bergeron*, 489 U.S. 87, 103 L. Ed. 2d 67, 109 S. Ct. 939 (1989). The determination of what constitutes a reasonable fee is one of trial court discretion (*Raintree Health Care Center v. Illinois Human Rights Comm'n*, 173 Ill. 2d 469, 494, 672 N.E.2d 1136, 1147 (1996)), and in *Berlak*, the court held that the terms of a contingency fee contract could provide guidance for determining reasonableness (*Berlak*, 284 Ill. App. 3d at 240, 671 N.E.2d at 774). Nonetheless, the court noted that a contingency fee agreement should not establish a ceiling on the awards, because in some cases an attorney may only be willing to become involved due to the additional award of statutory fees. The court held that the existence of a contingency fee agreement was of little relevance in the case before it because the contingent fee would have been nominal. *Berlak*, 284 Ill. App. 3d at 242, 671 N.E.2d at 775.

The fee award is in line with *Berlak*. The test is reasonableness, and a contingency

10

fee agreement can be a relevant factor in determining reasonableness. *Berlak*, 284 Ill. App. 3d at 241, 671 N.E.2d at 774. As in *Berlak*, the trial court held a hearing on what constituted reasonable fees and costs. The trial court properly considered the contingency fee agreement in determining what constituted a reasonable fee, and the amount granted in this case surely constitutes sufficient inducement for private enforcement of the Act.

Plaintiff also asserts that he is entitled to reasonable fees and costs incurred in the prosecution of this appeal. In *Berlak*, the trial court erred by refusing to consider the plaintiff's supplemental petition for attorney fees and costs for posttrial representation. *Berlak*, 284 Ill. App. 3d at 243, 671 N.E.2d at 776. In this case, plaintiff indicated that a supplemental petition would be filed in the trial court, so there is no order or pleading in the record on appeal for us to review at this time. See *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 453, 736 N.E.2d 179, 187 (2000).

## CONCLUSION

Accordingly, the judgment of the circuit court is hereby affirmed.


Affirmed.


WELCH, P.J., and CHAPMAN, J., concur.

11

NO. 5-05-0513

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| MICHAEL G. RATH, Guardian of the Estate of Elizabeth Rath, a Disabled Person,<br><br>    Plaintiff-Appellee and Cross-Appellant,<br><br>v.<br><br>CARBONDALE NURSING AND REHABILITATION CENTER, INC.,<br><br>    Defendant-Appellant and Cross-Appellee. | ) Appeal from the<br>) Circuit Court of<br>) Jackson County.<br>)<br>)<br>)<br>) No. 02-L-95<br>)<br>)<br>) Honorable<br>) William G. Schwartz,<br>) Judge, presiding. |

---

**Opinion Filed**: June 7, 2007

---

**Justices**: Honorable Richard P. Goldenhersh, J.

Honorable Thomas M. Welch, P.J., and
Honorable Melissa A. Chapman, J.,
Concur

---

**Attorneys for Appellant**: Paul W. Johnson, Kenneth E. Dick, Burroughs, Hepler, Broom, MacDonald, Hebrank & True, 103 West Vandalia Street, Suite 300, P.O. Box 510, Edwardsville, IL 62025-0510

---

**Attorney for Appellee**: Jay Schafer, Winters, Brewster, Crosby and Schafer, LLC, 111 West Main, P.O. Box 700, Marion, IL 62959