FIFTH DIVISION
August 10, 2007

No. 1-06-0715

| | | |
|---|---|---|
| JOHNNY RICHARDSON and JOSEPH RUSSELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| ALEXA HADDON and APRIL HADDON, a/k/a | ) | Honorable |
| April Jackson, | ) | Wayne D. Rhine, |
| | ) | Judge Presiding. |
| Defendants-Appellees, | ) | |
| | ) | |
| (Berton N. Ring, P.C., | ) | |
| | ) | |
| Appellant.) | ) | |

JUSTICE GALLAGHER delivered the opinion of the court:

The issue presented in this case is whether the trial court abused its discretion by denying an attorney fee petition in its entirety because it was replete with excessive time spent on numerous items, and where the trial court had repeatedly admonished the attorney concerning prior fee petitions.

BACKGROUND

On November 1, 2001, plaintiffs, Johnny Richardson and Joseph Russell, by their attorney, appellant, Berton N. Ring, P.C. (Ring), filed a complaint against defendants, Alexa Haddon and April Haddon (also known as April Jackson).  The complaint alleged various violations of the Chicago Residential Landlord and Tenant Ordinance, including failure to return plaintiffs' security deposit, failure to provide a summary of charges deducted from plaintiffs' security deposit, and

retaliatory eviction.

Plaintiffs prevailed in their suit on July 25, 2003, after a one-day bench trial. The trial court awarded plaintiffs a judgment of $3,100, plus costs and reasonable attorney fees. After several continuances, but before the trial court could rule on the plaintiffs' attorney fee petition, defendant Alexa Haddon (Haddon) filed bankruptcy. The bankruptcy court added into Haddon's chapter 13 bankruptcy plan $19,871.44, including both $3,100 in damages and $16,771.44 in attorney fees and costs. However, on June 6, 2005, after Haddon failed to make payments according to the bankruptcy plan, the bankruptcy court dismissed the case. The trial court, here, reinstated the case, where the only matter remaining was a ruling on plaintiffs' attorney fee petition.

The fee petition included a description of activities occurring on 58 separate dates and hourly rate charges for those activities. The fee petition covered time from initial client intake through the preparation of a revised fee petition that included additional fees for matters arising during and after Haddon's bankruptcy case.

On February 14, 2006, after reviewing the fee petition, the trial judge noted that he had "repeatedly warned Berton Ring about submitting fee petitions that contain items which take a disproportionate amount of time to perform." The trial court then described some of the charges it found to be excessive both in time and cost, including 1.5 hours to review a police report, 1.5 hours to prepare and file a special process server motion, and 1.5 hours for a hearing on that motion for a special process server. The judge stated that he had been a prosecutor and that it had never taken him that long to review a police report. He further stated, "In light of my

previous warnings, I am going to limit Berton N. Ring, P.C.'s award of attorneys fees to the 'house minimum' of $350." The trial judge then informed the attorney from Ring's office that it would not be necessary for him to prepare an order. Instead, the judge explained that he would be issuing a written ruling, which he would send not only to Berton N. Ring, P.C., but also to the Attorney Registration and Disciplinary Commission (ARDC) along with a copy of the fee petition.

The trial court issued its order on February 20, 2006. The order noted, as a preliminary matter, that "this Court has repeatedly warned Attorney Berton Ring concerning prior fee petitions that contained excessive time spent on numerous items contained in the fee petition." The order then found that Ring had "again submitted a fee petition that contain[ed] numerous items which [had] taken a disproportionate amount of time to perform, especially in view of the fact that Mr. Ring is one of the leading practitioners in the area of the [Chicago Residential Landlord and Tenant Ordinance]." The order then lists 15 specific dated entries that the trial court characterized as "[s]ome of the offending entries." These include: (1) 1.5 hours to review a police report; (2) 1.5 hours to prepare and file a special process service motion; (3) 3 hours to prepare a client letter; (4) 2.5 hours to prepare for prove up, when 1.3 hours were spent 14 days prior; and (5) 1.25 hours to review counterclaim answer, when four days prior contained that charge.

The order then concludes with the following two paragraphs:

"In view of the above and foregoing items, the Court finds

this fee petition to be replete with excessive time spent to the extent

that the entire fee petition will be denied, and the Law Firm of

3

> Berton [N.] Ring, PC will be awarded the minimum fee award of $350.00, said amount being the established minimum award of attorney fees for matters pending before the Non-jury Tort and Contract section of the First Municipal District.
>
> Further, that a copy of this Order and the fee petition shall be forwarded to the Attorney Registration and Disciplinary Commission."

Plaintiffs and Ring filed this timely appeal.

ANALYSIS

As a preliminary matter we note that defendants have not submitted a brief on appeal. Nothing, however, prevents us from deciding this appeal without the appellees' brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). This appeal raises only the question of whether the trial court abused its discretion in awarding $350, when the attorney fee petition contained charges and costs totaling $16,771.44.

A "trial court has broad discretionary powers in awarding the attorney fees sought and its decision will not be reversed unless the court has abused its discretion." *Wildman, Harrold, Allen & Dixon v. Gaylord*, 317 Ill. App. 3d 590, 595 (2000); see also *Pitts v. Holt*, 304 Ill. App. 3d 871, 872 (1999); *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 984 (1987). To facilitate the trial court's reasonableness assessment, the petitioner must provide sufficient information, including detailed time records that were kept throughout the proceeding. *Kaiser*, 164 Ill. App. 3d at 984. The records submitted to the court should be scrutinized for their

1-06-0715

reasonableness in the context of the case. *McHugh v. Olsen*, 189 Ill. App. 3d 508, 514 (1989).

When assessing the reasonableness of fees, a trial court may consider a variety of factors, including the nature of the case, the case's novelty and difficulty level, the skill and standing of the attorney, the degree of responsibility required, the usual and customary charges for similar work, and the connection between the litigation and the fees charged. *Plambeck v. Greystone Management & Columbia National Trust Co.*, 281 Ill. App. 3d 260, 273 (1996); see also *McHugh*, 189 Ill. App. 3d at 514. However, these enumerated factors are not exhaustive. See *Plambeck*, 281 Ill. App. 3d at 273. For example, a court should also use its own knowledge and experience when making the reasonableness determination. *Plambeck*, 281 Ill. App. 3d at 273; see also *McHugh*, 189 Ill. App. 3d at 514. When a trial court reduces the amount requested in a fee petition, the court's ruling should include the reasons justifying a particular reduction. *Shortino v. Illinois Bell Telephone Co.*, 279 Ill. App. 3d 769, 773 (1996).

In the instant case, plaintiffs argue that the trial court considered its "previous warnings" to attorney Berton N. Ring in reaching its decision to award $350, instead of conducting an analysis of the $16,771.44 requested in the fee petition. Plaintiffs additionally assert that these previous warnings were the sole factor the trial court considered in reaching its decision. Plaintiffs further contend that consideration of attorney Berton N. Ring's previous fee petitions made it all but impossible for the trial court to view the current fee petition in an objective and unbiased manner.

We disagree with plaintiffs' assertions. While it is true that the trial judge commented upon attorney Berton N. Ring's history of filing fee petitions containing excessive time spent (a

5

history that plaintiffs' brief does not deny), there is no indication that attorney Berton N. Ring's history was the sole basis for the trial court's decision here. Although the court noted its prior warnings as a preliminary matter, it nonetheless carefully scrutinized the fee petition in the instant case. *McHugh*, 189 Ill. App. 3d at 514. Indeed, before doing so, the trial judge commented that he would review Ring's petition with a "fine tooth comb." The trial court's decision to deny the fee petition was not based solely on attorney Berton N. Ring's history of submitting fee petitions containing excessive amounts of time, it was based on the fact that the fee petition *in the instant case* was "replete with excessive time spent."

Consistent with *McHugh*, 189 Ill. App. 3d 508 (1989), the trial court determined the proper amount of time for certain time entries. In addition, the trial judge used his own experience. For example, as the judge noted, he was a prosecutor and it never took him 1.5 hours to review a police report. The order also recognizes attorney Berton N. Ring as a leading practitioner in the Chicago Residential Landlord and Tenant Ordinance area, consistent with *Plambeck* and *McHugh*. Further, the written order includes specific references to duplicative entries. In view of the trial court's careful analysis of the instant fee petition, it is clear that the trial court's previous admonitions to attorney Berton N. Ring were not the sole basis of its ruling.

Nevertheless, we agree with plaintiffs that the trial court did not provide an objective basis for its drastic reduction of fees. Although the trial court noted that the fee petition was "replete" with excessive time entries and enumerated 15 specific entries that it determined were unreasonable, the trial court did not state that it found each and every entry to be excessive. For example, the fee petition contains an entry for the time spent during the trial, which, if accurate,

1-06-0715

cannot be said to be excessive. The trial court's decision to disregard the entire fee petition constitutes an abuse of discretion. We are therefore remanding this matter for another fee petition hearing. Our decision here today does not suggest that any particular entry contained within Ring's fee petition is reasonable; only that the trial court should either award those fees that it decides are reasonable or clearly state the reasons for the particular reductions, rather than denying the attorney fee petition in its entirety.

We fully understand the trial court's frustration with attorney Berton N. Ring, who, apparently, has repeatedly submitted fee petitions containing unreasonable fees. A trial court has a duty "to report attorney misconduct to the ARDC" (*Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 229 (2000)), and the trial court fulfilled its duty by forwarding its order and Ring's fee petition to the ARDC. Nevertheless, the Illinois Supreme Court has the sole " 'inherent power to discipline attorneys who have been admitted to practice before it.' " *Skolnick*, 191 Ill. 2d at 229, quoting *In re Harris*, 93 Ill. 2d 285, 291 (1982). The Illinois Supreme Court has delegated to the ARDC the "authority to investigate and prosecute claims of attorney misconduct." *Skolnick*, 191 Ill. 2d at 229.

For the foregoing reasons, the trial court's decision is reversed and this case is remanded for further proceedings consistent with this opinion. We are forwarding a copy of our opinion to the Attorney Registration and Disciplinary Commission.

Reversed and remanded.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.

7