Filed 7/18/08          NO. 4-07-0817

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| COURTNEY McNIFF, | ) | Appeal from |
|     Plaintiff-Appellee and | ) | Circuit Court of |
|     Cross-Appellant, | ) | McLean County |
|     v. | ) | No. 05L135 |
| MAZDA MOTOR OF AMERICA, INC., | ) | |
|     Defendant-Appellant and | ) | |
|     Cross-Appellee. | ) | |
|     and | ) | Honorable |
| SAM LEMAN MAZDA, | ) | Charles G. Reynard, |
|     Defendant. | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

In August 2005, plaintiff, Courtney McNiff, brought suit to recover damages against defendants, Mazda Motor of America, Inc. (Mazda), and Sam Leman Mazda, for breach of written warranty and breach of implied warranty of merchantability. The parties eventually settled. In March 2007, plaintiff filed a petition for an award of costs and attorney fees. In May 2007, the trial court awarded plaintiff's two attorneys a total of $26,015.50 in fees and costs. Defendant Mazda and plaintiff filed motions to reconsider, both of which the court denied.

On appeal, defendant Mazda argues the trial court (1) erred in awarding attorney fees on an hourly basis when plaintiff entered into a contingency-fee agreement with her attorneys and (2) abused its discretion in compensating the attorneys. In her cross-appeal, plaintiff argues the trial court erred (1) in

refusing to award attorney fees for her response to the motion for reconsideration and (2) by awarding her attorney a lower rate. We affirm in part, reverse in part, and remand with directions.

## I. BACKGROUND

In May 2004, plaintiff's grandfather purchased a new 2004 Mazda RX-8 from Sam Leman Mazda for the list price of $30,854 and immediately gifted the car to plaintiff. The car developed mechanical difficulties rendering it unreliable. Plaintiff asked for a refund but received a second engine instead. Thereafter, the vehicle continued to have difficulties.

In August 2005, plaintiff filed a two-count complaint against defendants, alleging breach of written warranty and breach of implied warranty of merchantability under the Magnuson-Moss Warranty--Federal Trade Commission Improvement Act (Magnuson-Moss Act) (15 U.S.C. §§2301 through 2312 (2000)). Plaintiff retained Attorneys Daniel Deneen and William Hutul to represent her in the lawsuit against defendants. In October 2005, defendants filed their answer to the complaint. Ultimately, the parties agreed to a settlement, and defendant Mazda repurchased the vehicle for $30,000. The settlement did not include attorney fees.

In March 2007, plaintiff filed a petition for an award of costs and attorney fees pursuant to the Magnuson-Moss Act.

Deneen attached an invoice for services showing a total of $13,650 due for 56.25 hours of work. Deneen indicated he charged a premium rate of $225 per hour for fiduciary-fraud and consumer-fraud litigation through mid-May 2006 and $250 per hour thereafter. His standard rate was $175 per hour until May 2006 when it increased to $200 per hour. The petition also stated Hutul's time records showed 45.4 hours of work from August 11, 2005, through February 6, 2007. At Hutul's rate of $325 per hour, the fees amounted to $14,755. In April 2007, Deneen filed a supplemental petition asking for, inter alia, $1,875 in fees for preparing and filing the fee petition.

Defendants filed a response in opposition to plaintiff's fee petition. Defendants argued plaintiff and her attorneys entered into a contingency-fee agreement, whereby counsel agreed attorney fees would be equal to one-third of all amounts collected or recovered in the case. As the parties settled for $30,000, defendants argued plaintiff's request for fees should be capped at $10,000. Defendants also contended counsels' time sheets failed to provide sufficient evidence of the reasonableness of the hourly rate and hours expended.

In May 2007, the trial court filed its order on the petition for fees. The court found Deneen's reasonable rate of compensation to be $200 per hour. Based on 65.25 hours of work, the court ordered defendant Mazda to pay Deneen $13,530.50 for

- 3 -

his fees, which included $480.50 in costs. The court also found Hutul's reasonable rate of compensation to be $275 per hour. Based on 45.4 hours of work, the court ordered defendant to pay Hutul $12,485 for his fees.

In June 2007, defendant Mazda filed a motion to reconsider. Defendant argued the relationship between plaintiff and her counsel was controlled by the contingency-fee agreement and the trial court could not award attorney fees in excess of $10,000. Defendant also argued the time sheets submitted by plaintiff's counsel lacked specific detail, consisted of block billing, did not correlate with one another, and contained duplicate time entries. In July 2007, plaintiff filed a response and a motion to reconsider, asking, inter alia, the court to award attorney fees for prosecuting the fee petition, including the motion to reconsider.

In August 2007, the trial court entered an order denying the motions to reconsider. As to defendant, the court found a contingency-fee agreement did not impose a cap on a fee award. As to plaintiff, the court found it "considered the reasonableness of the time expended in preparing and prosecuting the fee petition and did not exclude that time from its order of fees." Defendant Mazda filed an appeal, and plaintiff filed a cross-appeal.

II. ANALYSIS

A. Defendant's Appeal

1. Standard of Review

"Illinois follows the 'American Rule,' which provides that absent statutory authority or a contractual agreement, each party must bear its own attorney fees and costs."  Negro Nest, L.L.C. v. Mid-Northern Management, Inc., 362 Ill. App. 3d 640, 641-42, 839 N.E.2d 1083, 1085 (2005).  If a statute or contractual agreement expressly authorizes an award of attorney fees, the court may award fees "so long as they are reasonable." Career Concepts, Inc. v. Synergy, Inc., 372 Ill. App. 3d 395, 405, 865 N.E.2d 385, 394 (2007). "A trial court's decision whether to award attorney fees is a matter within its discretion and will not be disturbed absent an abuse of that discretion." Central Illinois Electrical Services, L.L.C. v. Slepian, 358 Ill. App. 3d 545, 550, 831 N.E.2d 1169, 1173 (2005).

2. Magnuson-Moss Act

Consumers often require the assistance of counsel to enforce their rights under the Magnuson-Moss Act.  Melton v. Frigidaire, 346 Ill. App. 3d 331, 339, 805 N.E.2d 322, 327 (2004).  Section 2310(d)(2) of the Magnuson-Moss Act provides for the recovery of costs and attorney fees to a prevailing consumer as follows:

"If a consumer finally prevails in any action brought under paragraph (1) of this

subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." 15 U.S.C. §2310(d)(2) (2000).

This fee-shifting provision was enacted "to vindicate the rights of a consumer who was injured by a party such as defendant and [was] intended to encourage consumers to pursue their legal remedies by providing them with access to legal assistance." State Farm Fire & Casualty Co. v. Miller Electric Co., 231 Ill. App. 3d 355, 359, 596 N.E.2d 169, 171 (1992). "The plain language of section 2310(d)(2) of the Magnuson-Moss Act provides that an award of attorney fees to a prevailing plaintiff is within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion." Cannon v. William Chevrolet/Geo, Inc., 341 Ill. App. 3d 674, 685, 794 N.E.2d 843, 852 (2003).

In the case sub judice, defendant concedes plaintiff was a prevailing party under the Magnuson-Moss Act.  However, defendant claims plaintiff could not be awarded attorney fees in excess of the amount agreed on by plaintiff and her attorneys in the contingency-fee agreement.  The fee agreement stated, in part, as follows:

"Client agrees that the attorneys shall receive a contingent fee equal to one[-]third, or thirty-three and one-third percent (33.33%) of all amounts collected or otherwise recovered, whether by suit, trial, or out[-]of[-]court settlement. ***

Client understands that this litigation may involve laws and/or statutes which provide for an award of attorneys' fees to the attorneys, as against the [d]efendants, based on the actual time spent on this case by the attorneys.  Client understands and agrees that any such fee award by the [c]ourt against [d]efendants shall go to Daniel Deneen and William Hutul.  The amount of any such award that is collected by the attorneys shall be credited against the contingent fee, and the contingent fee shall be reduced by

- 7 -

the amount of court[-]awarded fees collected

by the attorneys."

Because of the $30,000 settlement, defendant argues plaintiff's award of attorney fees should have been limited to $10,000, and the trial court's award over and above that amount was an abuse of discretion.

The Magnuson-Moss Act gives the trial court the discretion to award attorney fees that were reasonably incurred in the prosecution of the action. "[A] contingency[-]fee agreement can be a relevant factor in determining reasonableness." Rath v. Carbondale Nursing & Rehabilitation Center, Inc., 374 Ill. App. 3d 536, 544, 871 N.E.2d 122, 130 (2007). In Blanchard v. Bergeron, 489 U.S. 87, 103 L. Ed. 2d 67, 109 S. Ct. 939 (1989), the United States Supreme Court was confronted with a district court's discretionary award of reasonable attorney fees to a prevailing party in a federal civil-rights action. The Supreme Court found "a contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees." Blanchard, 489 U.S. at 93, 103 L. Ed. 2d at 75, 109 S. Ct. at 944. Instead, "[t]he presence of a pre-existing fee agreement may aid in determining reasonableness." Blanchard, 489 U.S. at 93, 103 L. Ed. 2d at 75, 109 S. Ct. at 944; see also Rath, 374 Ill. App. 3d at 544, 871 N.E.2d at 130.

Here, defendant Mazda agreed to pay plaintiff $30,000,

not including her attorney fees. The contingency-fee agreement indicated plaintiff's required payment for attorney fees would be reduced by any credits for court-awarded attorney fees. The presence of a fee agreement does not impose a ceiling on the award of fees. See Keller v. State Farm Insurance Co., 180 Ill. App. 3d 539, 557, 536 N.E.2d 194, 206 (1989) (finding the trial court erred in concluding it was constrained by the contingency-fee agreement in awarding attorney fees when the insurance statute provided for the payment of "reasonable" attorney fees). Further, nothing in the Magnuson-Moss Act requires that any contingency-fee agreements control over a trial court's award of fees. Thus, the fees awarded must be reasonable, and the trial court found the requested fees to be reasonable in this case.

We note the cases cited by defendant are distinguish-able. The facts in Career Concepts, 372 Ill. App. 3d at 406, 865 N.E.2d at 394-95, did not involve a fee-shifting provision. In Majcher v. Laurel Motors, Inc., 287 Ill. App. 3d 719, 732, 680 N.E.2d 416, 425 (1997), the plaintiff and her counsel entered into a contingency-fee agreement whereby the client would pay one-third of all amounts recovered and attorney fees awarded by the court would be in addition to the fees payable by the client. The Second District did not allow counsel to collect a contingent fee, as well as an hourly fee, as it would amount to double payment and violate the Rules of Professional Conduct. Majcher,

- 9 -

287 Ill. App. 3d at 732, 680 N.E.2d at 425. Here, however, the fee agreement did not provide for double payment as counsel will not collect the contingent fee. Instead, the amount plaintiff would have been required to pay was reduced by the trial court's award of attorney fees. Accordingly, defendant is not entitled to a reduction in the award of attorney fees based on plaintiff's contingency-fee agreement.

### 3. Amount of Compensation

In the alternative, defendant argues the trial court abused its discretion in awarding Deneen 65.25 hours of compensation and Hutul 45.4 hours of compensation. Defendant claims (1) Deneen's time records were "glaringly void of any detail" and (2) Hutul's time records were undated, vague and ambiguous, redundant, and excessive.

To help the trial court in assessing whether an attorney's fees are reasonable, "the petitioner must provide sufficient information, including detailed time records that were kept throughout the proceeding." Richardson v. Haddon, 375 Ill. App. 3d 312, 314, 873 N.E.2d 570, 573 (2007).

> "When assessing the reasonableness of fees, a trial court may consider a variety of factors, including the nature of the case, the case's novelty and difficulty level, the skill and standing of the attorney, the de-

gree of responsibility required, the usual
and customary charges for similar work, and
the connection between the litigation and the
fees charged."  Richardson, 375 Ill. App. 3d
at 314-15, 873 N.E.2d at 573.

In this case, we find no abuse of discretion.  Deneen's time records are of the type this court routinely sees on appeal in cases concerning the proper amount of attorney fees.  The records show the date the services were rendered, a description of the services, the hours, the fee rate, and the total dollar amount.  While defendant argues the description of services should have been more detailed, the records provide an adequate list to allow the trial court to determine whether the fees were reasonably incurred in this case.

Hutul's records also provide sufficient information for the trial court to determine the reasonable amount of fees. Hutul's entries are handwritten, and at times are difficult to read, but they describe the services rendered and the time expended.  Although evidence suggested a range of rates for Hutul's services, the trial court found $275 per hour to be a reasonable rate of compensation "in this specific matter."  We find no abuse of discretion.

### B. Plaintiff's Cross-Appeal

Plaintiff raises three issues in her cross-appeal.

- 11 -

Plaintiff claims the trial court erred in refusing to award attorney fees for 10.75 hours expended by Deneen in response to defendant's motion for reconsideration. Plaintiff contends the court erred in awarding Deneen his standard hourly rate of $200, instead of his higher rate of $225 to $250 for consumer-law work. Plaintiff also argues this court should remand for further hearing on an award of attorney fees for the time spent on appeal.

### 1. Time Spent on Motion for Reconsideration

In the trial court, Deneen provided billing statements requesting 7.5 hours for prosecuting the petition for fees and 10.75 hours for time spent on the motion for reconsideration. In denying plaintiff's motion to reconsider, the court indicated "it considered the reasonableness of the time expended in preparing and prosecuting the fee petition and did not exclude that time from its order of fees." Plaintiff argues Deneen is entitled to the additional 10.75 hours for time spent responding to defendant's motion for reconsideration.

We find the trial court should have awarded additional fees for time spent on the motion for reconsideration. See Berlak v. Villa Scalabrini Home for the Aged, Inc., 284 Ill. App. 3d 231, 243-44, 671 N.E.2d 768, 776 (1996) (finding the trial court erred in refusing to consider the plaintiff's supplemental petition for attorney fees covering the period of posttrial

representation). On remand, plaintiff shall submit a supplemental petition detailing reasonable attorney fees incurred in responding to defendant's motion for reconsideration. Because the amount is unclear in the briefs, plaintiff shall set forth the time expended in response to defendant's motion for reconsideration, but that amount shall not exceed 10.75 hours.

## 2. Hourly Rate

Plaintiff argues the trial court should have awarded Deneen a higher consumer-law rate between $225 to $250 per hour, instead of his standard $200-per-hour rate. Deneen indicated he charged a premium rate of $225 to $250 per hour for fiduciary-fraud and consumer-fraud litigation. His standard rate was between $175 and $200 per hour.

Here, plaintiff indicated this was "not a complex legal case" but a "simple" breach-of-warranty claim. The trial court's decision to award Deneen his standard rate was not an abuse of discretion.

## 3. Remand

Plaintiff asks this court to award attorney fees for the appeal or to grant leave to file a supplemental fee petition. "Allowing a plaintiff to petition for appellate attorney fees and costs furthers the [Magnuson-Moss] Act's goal of providing consumers with legal assistance to enable them to pursue a remedy for injury or loss." Melton, 346 Ill. App. 3d at 341, 805 N.E.2d

- 13 -

at 329.  Accordingly, we grant plaintiff's request to file a supplemental petition in the trial court for attorney fees and costs incurred in responding to defendant's direct appeal.  See Berlak, 284 Ill. App. 3d at 244, 671 N.E.2d at 776.  The trial court may award any and all fees and costs reasonably incurred in defending this "simple" case on appeal.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment insofar as it denied plaintiff's request for attorney fees incurred in responding to defendant's motion to reconsider; we otherwise affirm, and we remand the case to the trial court for consideration of attorney fees and costs incurred on appeal and the motion to reconsider.

Affirmed in part, reversed in part, and remanded with directions.

KNECHT and STEIGMANN, JJ., concur.