2020 IL App (1st) 191465-U

FIFTH DIVISION
Order filed: January 31, 2020

No. 1-19-1465

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RUBEN MENDOZA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 L 2204 |
| | ) | |
| AMERICAN FREEDOM INSURANCE COMPANY, | ) | Honorable |
| | ) | Toya T. Harvey, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the judgment of the circuit court granting summary judgment in favor of the defendant because the circuit court did not err when it struck the plaintiff's supporting affidavits on the grounds that they presented evidence contradicting judicially admitted facts.

¶ 2    The plaintiff, Ruben Mendoza, appeals from an order of the circuit court of Cook County that granted summary judgment against him and in favor of the defendant, American Freedom Insurance Company. On appeal, the plaintiff contends that the affidavits he attached in support of

his motion opposing summary judgment created a genuine issue of material fact and the circuit court erred when it struck them from consideration. For the reasons that follow, we affirm.

¶ 3       On March 2, 2017, the plaintiff filed a complaint alleging that the defendant breached an automobile insurance contract when it denied him coverage for damage sustained to his vehicle following a theft.

¶ 4       On May 3, 2017, the defendant filed its answer and an affirmative defense. The defendant's affirmative defense asserted that the plaintiff's insurance policy contained an exclusions provision stating that the policy did not apply in the following circumstance:

> "loss due to theft if evidence exists that forcible entry was not required to gain access to the vehicle or that evidence exists that keys were left in the automobile while it was unoccupied or that no evidence exists that the ignition wires, ignition locks, steering locks or other security devices installed to prevent operation by an unauthorized person were altered to operate the automobile without keys."

The defendant maintained that the plaintiff's claim was excluded under this provision of his policy because the keys were left in the unoccupied vehicle, forcible entry was not required to gain access to the vehicle, and there was no evidence that the ignition wires, ignition lock, or steering locks were altered to operate the vehicle.

¶ 5       On May 23, 2017, the defendant served the plaintiff with a set of requests to admit pursuant to Illinois Supreme Court Rule 216 (eff. May 1, 2013). Therein, the defendant requested that the plaintiff admit the following facts:

> "1. At the time of the alleged October 22, 2016 theft of the [plaintiff's vehicle], that vehicle was unlocked.

2. No forcible entry was required to gain access to [the plaintiff's vehicle] at the time of the alleged October 22, 2016 theft.

3. No ignition wire, ignition lock, steering lock or security device on the [plaintiff's vehicle] was damaged or altered to operate the vehicle without a key on October 22, 2016."

¶ 6    On June 29, 2017, the plaintiff filed his response to the defendant's request to admit. He denied the first two facts and objected to the form of the third. The plaintiff's response was signed only by his attorney. The defendant filed a motion to overrule the plaintiff's objection to the third request for admission. The circuit court overruled the plaintiff's objection and ordered the plaintiff to respond by July 17, 2017. On July 13, 2017, the plaintiff filed a response, denying the third fact. Once more, the plaintiff's response was signed only by his attorney.

¶ 7    On October 23, 2017, the defendant filed a motion to strike the plaintiff's answers to its request for admissions because he filed his answers more than 28 days after being served with the request and because he failed to sign his answers. The plaintiff responded that his counsel asked for, and was given, a 10-day extension to file his answers by defense counsel. The plaintiff also attached the following: (1) his answers to the defendant's interrogatories and a "verification" page with his signature and the date June 28, 2017; (2) his answers to the defendant's requests to admit signed by his attorney; and (3) his responses to the defendant's notice to produce documents and a "verification" page with his signature and the date June 28, 2017. According to the plaintiff, the verification page that followed his responses to the notice to produce documents also served to verify the accuracy of his answers to the requests to admit. The defendant replied that the plaintiff's counsel never asked for, nor did its counsel ever agree to, an extension of time, and attached affidavits from the three attorneys working this matter.

¶ 8    On December 19, 2017, the circuit court granted the defendant's motion to strike the plaintiff's answers to its request for admissions and stated that "[t]he request for admissions is deemed admitted in its entirety due to plaintiff's failure to comply with Supreme Court Rule 216 ***."

¶ 9    On May 7, 2018, the matter proceeded to mandatory arbitration. Following the conclusion of the arbitration, the defendant rejected the arbitration award and requested a trial.

¶ 10    On August 8, 2018, the defendant moved for summary judgment, arguing that the plaintiff admitted that the circumstances of the theft bring it within the exclusion enumerated in his policy and, having so admitted, he could not offer any evidence to contradict his admissions. As such, the defendant argued it was entitled to judgment as a matter of law.

¶ 11    The plaintiff filed a response to the defendant's motion for summary judgment. Therein, the plaintiff once more argued that defense counsel agreed to a 10-day extension to respond to the requests for admission and that he signed the response. Addressing the merits of the defendant's motion for summary judgment, the plaintiff attached photographs of his damaged vehicle that he maintained were evidence of a forced entry into his vehicle and "constitute[d] evidence outside" of his admission that forcible entry was not required to gain access to his vehicle. The plaintiff also attached the affidavit of his husband, Uriel Aguilar, in which he averred that the photographs of the plaintiff's vehicle show forced entry. The plaintiff argued that, even though he admitted the theft occurred without forcible entry, he could present this evidence because his husband was not a party to the litigation. The plaintiff contended that this evidence created a genuine issue of material fact and precluded an entry of summary judgment in favor of the defendant.

¶ 12     The defendant filed a reply, arguing that the plaintiff did not file a motion to reconsider the circuit court's December 19, 2017 order that held he had admitted all of the requested facts and he could not, therefore, challenge that ruling. The defendant further argued that the plaintiff could not present evidence that contradicts a fact that he has admitted, and it moved to strike the affidavits he presented to the extent that they contradict an admitted fact.

¶ 13     On February 20, 2019, the circuit court entered an order both granting the defendant's motion to strike the plaintiff's filed affidavits and granting summary judgment in favor of the defendant. On March 20, 2019, the plaintiff filed a motion to reconsider the circuit court's February 20, 2019 order. On June 18, 2019, the circuit court denied the plaintiff's motion, and this appeal followed.

¶ 14     On appeal, the plaintiff argues that the circuit court erred in granting summary judgment in favor of the defendants. Specifically, he contends that it was error for the circuit court to strike Aguilar's affidavit on the grounds that it contradicted judicially admitted facts.

¶ 15     The sufficiency of affidavits filed in opposition to a motion for summary judgment is governed by Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013); *Garland v. Sybaris Clubs International, Inc.*, 2019 IL App (1st) 180682, ¶ 37. Rule 191(a) requires that affidavits (1) be based on the personal knowledge of the affiant, (2) set forth with particularity the facts on which the claim is based, (3) attach sworn or certified copies of documents that the affiant relied on, and (4) consist of facts admissible in evidence and not conclusions. Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013); *Garland*, 2019 IL App (1st) 180682, ¶ 37. Strict compliance with the requirements of Rule 191(a) is necessary because an affidavit submitted in the context of summary judgment proceedings serves as a substitute for testimony at trial. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 336-

37 (2002). "In addressing a motion for summary judgment, a trial court may not consider evidence or testimony that would not be admissible at trial. [Citation.] Therefore, affidavits submitted in opposition to a motion for summary judgment must consist of facts admissible in evidence and not of conclusions. [Citation.]" *Garland*, 2019 IL App (1st) 180682, ¶ 37. We review *de novo* the propriety of a trial court's striking all or part of an affidavit in the context of summary judgment proceedings. *Garland*, 2019 IL App (1st) 180682, ¶ 38. *De novo* consideration means we perform the same analysis that a trial judge would perform. *XL Specialty Insurance Co. v. Performance Aircraft Leasing, Inc.*, 2019 IL App (1st) 181031, ¶ 62.

¶ 16       In the instant case, the circuit court struck the plaintiff's supporting affidavits because they presented evidence that contradicted facts judicially admitted pursuant to Illinois Supreme Court Rule 216 (eff. July 1, 2014). Therefore, to determine the propriety of the circuit court's decision to strike the plaintiff's affidavit, we need to examine if Rule 216 precluded the introduction of the evidence contained within those affidavits.

¶ 17       Under Rule 216, a party to an action may serve another party to that action with a written request for the admission "of any specified relevant fact set forth in the request." Ill. S. Ct. R. 216(a) (eff. July 1, 2014); *Robertson v. Sky Chefs, Inc.*, 344 Ill. App. 3d 196, 199 (2003). The party receiving the request has 28 days to deny or object to the request. Ill. S. Ct. R. 216(c) (eff. July 1, 2014). Otherwise, the factual matters in the request are deemed judicial admissions that cannot later be controverted by any contradictory evidence. *Robertson*, 344 Ill. App. 3d at 199. "Judicial admissions are not evidence at all, but rather have the effect of withdrawing a fact from contention." (Internal quotation marks omitted.) *Rath v. Carbondale Nursing & Rehabilitation Center*, 374 Ill. App. 3d 536, 538 (2007). "[E]ven if the admission of a fact may give rise to a grant

of summary judgment, failure to respond properly to a request for admission of that fact constitutes a binding admission." *Hubeny v. Chairse*, 305 Ill. App. 3d 1038, 1043 (1999).

¶ 18 Here, the defendant asked the plaintiff to admit the following facts:

"1. At the time of the alleged October 22, 2016 theft of the [plaintiff's vehicle], that vehicle was unlocked.

2. No forcible entry was required to gain access to [the plaintiff's vehicle] at the time of the alleged October 22, 2016 theft.

3. No ignition wire, ignition lock, steering lock or security device on the [plaintiff's vehicle] was damaged or altered to operate the vehicle without a key on October 22, 2016."

¶ 19 The plaintiff failed to respond to the defendant's requests for admission within 28 days. Consequently, the circuit court held that he admitted all three of the requested facts. Il. S. Ct. R. 216 (eff. July 1, 2014) ("Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either" a sworn denial or written objections.). The result of the plaintiff's admission of those facts is that they are withdrawn from contention (*Rath*, 374 Ill. App. 3d at 538) and cannot be controverted by contradictory evidence (*Robertson*, 344 Ill. App. 3d at 199).

¶ 20 The plaintiff nevertheless argues that the circuit court erred in striking Aguilar's affidavit stating that, at the time of the theft, the plaintiff's car was locked and photographs of the car following the theft show signs of forcible entry—evidence that would contradict judicially admitted facts—because judicial admissions are only binding on "parties" and his husband is not a party to the litigation. The plaintiff's argument is unavailing. Where made, a judicial admission

may not be contradicted in a motion for a summary judgment or at a trial. *Smith v. Pavlovich*, 394 Ill. App. 3d 458, 468 (2009) (citing *In re Estate of Rennick*, 181 Ill. 2d 395, 406 (1998)). The plaintiff may not circumvent the consequences of his judicial admissions by presenting evidence from a nonparty and then adopting that evidence to further his own claim. See *American States Insurance Co. v. National Cycle, Inc.*, 260 Ill. App. 3d 299, 305 (1994) ("[A] party who admits a fact adverse to his or her claim cannot then contradict that admission by introducing subsequent contradictory deposition testimony or by filing contradictory affidavits or by adopting any other inconsistent evidence produced by other witnesses."). Therefore, the circuit court did not err in striking Aguilar's affidavit because the plaintiff was not entitled to present evidence that contradicted judicially admitted facts and, as such, the affidavit did not consist of facts admissible in evidence.

¶ 21     Having concluded that the circuit court did not err in striking the plaintiff's supporting affidavit, we next determine whether the defendant was entitled to judgment as a matter of law. Summary judgment is appropriate where " 'there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law.' " *Dardeen v. Kuehling*, 213 Ill. 2d 329, 335 (2004) (quoting 735 ILCS 5/2-1005(c) (West 1998)). In determining whether summary judgment is appropriate, we must view the evidence in the light most favorable to the nonmoving party. *Father & Sons Home Improvement Il, Inc. v. Stuart*, 2016 IL App (1st) 143666, ¶ 24. Summary judgment is "a drastic measure and should be allowed only 'when the right of the moving party is clear and free from doubt.' " *Dardeen*, 213 Ill. 2d at 335 (quoting *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986)). An order granting a motion for summary judgment is reviewed de novo. *Martin v. Keeley & Sons, Inc.*, 2012 IL 113270, ¶ 25. A de novo review requires this court

to perform the same analysis as a trial court would. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 22     The plaintiff's automobile insurance policy states that coverage is excluded for a theft claim if any of the follow are present: (1) evidence that "forcible entry was not required to gain access to the vehicle;" (2) evidence that the "keys were in the automobile while it was unoccupied;" (3) or no evidence that "the ignition wires, ignition locks, steering locks or other security devices installed to prevent operation by an unauthorized person were altered to operate the automobile without keys." As discussed above, the plaintiff judicially admitted that, at the time of the theft, his vehicle was unlocked, no forcible entry was required to gain access to it, and no ignition wire, ignition lock, steering lock or security device was damaged or altered to operate it without a key. The plaintiff has, therefore, admitted that the circumstances of the theft fall under a provision that excludes him from coverage under the automobile insurance policy he purchased from the defendant. In other words, there is no genuine issue of material fact. Consequently, the defendant's denial of coverage for damage sustained to the plaintiff's vehicle as a result of the theft was not a breach of the insurance contract and it was entitled to judgment as a matter of law.

¶ 23     For these reasons, we affirm the judgment of the circuit court.

¶ 24     Affirmed.