# Illinois Official Reports

## Appellate Court

---

### *Panel Built, Inc. v. De Kalb County*, 2019 IL App (2d) 180334

---

| | |
|---|---|
| Appellate Court Caption | PANEL BUILT, INC., Plaintiff-Appellant and Cross-Appellee, v. DE KALB COUNTY, ILLINOIS; THE DE KALB COUNTY PUBLIC BUILDINGS COMMISSION; and AGGRESSIVE INDUSTRIAL SERVICES, Defendants (De Kalb County, Illinois, and The De Kalb County Public Buildings Commission, Defendants-Appellees and Cross-Appellants). |
| District & No. | Second District<br>Docket No. 2-18-0334 |
| Filed | February 22, 2019 |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 11-CH-459; the Hon. Thomas L. Doherty, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part.<br>Cause remanded. |
| Counsel on Appeal | Geoffrey A. Bryce and Tina M. Paries, of Bryce Downey & Lenkov, LLC, of Chicago, for appellant.<br><br>Richard D. Amato, State's Attorney, of Sycamore (David J. Berault, Assistant State's Attorney, of counsel), for appellees. |

JUSTICE SPENCE delivered the judgment of the court, with opinion. Justices McLaren and Jorgensen concurred in the judgment and opinion.

## OPINION

¶ 1        This appeal arises from the circuit court of De Kalb County's grant of the amended motion for sanctions filed by plaintiff, Panel Built, Inc., against defendants, De Kalb County and the De Kalb County Public Buildings Commission. The circuit court denied plaintiff's original motion for sanctions against defendants, and plaintiff appealed. We affirmed in part, vacated in part, and remanded. *Panel Built, Inc. v. De Kalb County*, 2016 IL App (2d) 150574-U, ¶ 36 (*Panel Built I*). On remand, approximately 17 months after our mandate issued, plaintiff filed an amended motion for sanctions and the circuit court granted some but not all of the attorney fees and costs requested. Plaintiff now appeals the amount awarded, and defendants' cross-appeal, contending that the amended motion was untimely. For the reasons herein, we affirm in part, reverse in part, and remand.

¶ 2                                    I. BACKGROUND
¶ 3        The facts giving rise to this litigation began in the summer of 2009, and we summarized these facts in *Panel Built I*. In August 2009, defendants contracted with Aggressive Industrial Services (AIS) to construct a two-story storage system for a community outreach building, but they never obtained a valid performance-and-payment bond for the project, as required by the Public Construction Bond Act (Bond Act) (30 ILCS 550/0.01 *et seq.* (West 2008)). *Panel Built I*, 2016 IL App (2d) 150574-U, ¶¶ 4-5. AIS contracted with plaintiff to work on the storage system. *Id.* ¶ 5. Plaintiff completed its work and defendants paid AIS, but AIS did not pay plaintiff. *Id.* ¶ 6.

¶ 4        Plaintiff filed its complaint against defendants and AIS[1] on August 12, 2011. Plaintiff alleged four counts: (1) foreclosure of a mechanic's lien, (2) violation of the Bond Act, (3) violation of the Mechanics Lien Act (770 ILCS 60/5 (West 2008)), and (4) breach of contract. Throughout a large part of the litigation, defendants did not inform plaintiff that AIS never posted a bond. *Panel Built I*, 2016 IL App (2d) 150574-U, ¶ 7. Correspondence from November 2010 between the deputy county commissioner and the architect for the building project showed that defendants never requested a bond from AIS. *Id.* Moreover, then-Assistant State's Attorney John Farrell, representing defendants, told plaintiff that a bond had in fact been obtained. *Id.* Farrell sent plaintiff partial copies of a bond that had been returned to AIS, and he represented that those copies were the actual bond for building the project. *Id.* He also engaged in unauthorized settlement negotiations. Farrell later left the State's Attorney's office and was subject to attorney disciplinary proceedings related in part to his misconduct in this litigation.[2] *Id.*

---

[1]The court granted plaintiff's motion for default against AIS on December 22, 2011, and this litigation primarily concerned plaintiff's allegations against defendants.

[2]On June 3, 2014, a hearing board panel for the Illinois Attorney Registration and Disciplinary Commission (ARDC) issued its report and recommendations on a five-count disciplinary complaint

¶ 5        Of particular importance to this case, Farrell signed the following responses to requests to admit:

> "4. AIS did not furnish, supply or deliver to You a payment bond for the construction of the Community Outreach Building [in] De Kalb, Illinois.
>
> RESPONSE: Defendants deny the allegations of Request to Admit No. 4.
>
> 5. You did not require AIS to furnish, supply or deliver to You a payment bond for the construction of the Community Outreach Building [in] De Kalb, Illinois.
>
> RESPONSE: Defendants deny the allegations of Request to Admit No. 5.
>
> 6. You do not currently have in Your custody, control or possession a payment bond for the construction of the Community Outreach Building [in] De Kalb, Illinois.
>
> RESPONSE: Defendants deny the allegations of Request to Admit No. 6.
>
> 7. You never have had in Your custody, control or possession a payment bond for the construction of the Community Outreach Building [in] De Kalb, Illinois.
>
> RESPONSE: Defendants deny the allegations of Request to Admit No. 7.
>
> 8. No payment bond exists for the construction of the Community Outreach Building [in] De Kalb, Illinois.
>
> RESPONSE: Defendants deny the allegations of Request to Admit No. 8." *Id.* ¶ 8.

In addition, defendants admitted that construction of the community outreach building was a public work that cost over $5000. The responses were filed with the court on March 8, 2012.

¶ 6        Plaintiff filed its first amended complaint on August 6, 2012. It added a fifth and sixth count for *quantum meruit* and estoppel, respectively. Defendants, through Farrell, answered that they lacked sufficient knowledge or information about whether AIS canceled its bond or whether they failed to obtain a bond.

¶ 7        Defendants eventually removed Farrell from the case. Their new counsel admitted in their February 13, 2013, motion to dismiss that there was no bond, contrary to prior assertions. Plaintiff moved for sanctions under Illinois Supreme Court Rule 137 (eff. July 1, 2013). The circuit court denied both defendants' motion to dismiss and plaintiff's motion for sanctions on October 23, 2013.

¶ 8        Defendants then moved for summary judgment on counts II (Bond Act) and III (Mechanics Lien Act), on January 9, 2014. The court granted defendants summary judgment on count III on February 20, 2014. It denied summary judgment on count II and granted plaintiff leave to replead count II as for breach of contract.

¶ 9        Plaintiff repled count II as for breach of contract in its second amended complaint on June 5, 2014, and it moved for summary judgment. The circuit court granted it summary judgment on count II on December 19, 2014, finding that defendants had violated the Bond Act by failing to obtain a bond. It also granted plaintiff leave to move for sanctions.

---

against Farrell. It found by clear and convincing evidence that Farrell committed the misconduct charged in the complaint, and it recommended suspending him for three years. *In re Farrell*, No. 2013PR121 (Hearing Board June 3, 2014). Count III was for neglect and misrepresentation in this litigation, including making materially false statements related to settlement negotiations. *Id.* On September 12, 2014, the Illinois Supreme Court approved and confirmed the report and recommendation of the hearing board, suspending Farrell from the practice of law for three years and until further order of the court. *In re Farrell*, Ill. S. Ct., M.R. 26823 (Sept. 12, 2014).

¶ 10    Plaintiff filed a postjudgment motion for prejudgment interest on January 14, 2015, and it filed a renewed motion for Rule 137 sanctions on February 2, 2015. It alleged that sanctions were appropriate due to Farrell's misconduct, including on the responses to plaintiff's requests to admit and the answer to its amended complaint. Plaintiff did not specify the amount of fees or costs resulting from the misconduct but instead sought fees and costs expended in connection with prosecuting the case. Defendants responded that Rule 137 applied only to documents filed with the court and not to general attorney misconduct, and they further argued that plaintiff failed to specify the amount of fees incurred as a result of any misconduct.

¶ 11    The circuit court denied both the motion for sanctions and the motion for prejudgment interest on May 4, 2015. The court found that, although plaintiff was the victim of wrongful and vexatious acts by defendants through Farrell, Farrell's actions were not subject to Rule 137. The court also found that defendants' argument on summary judgment that a bond was not required, although not successful, was not made for an improper purpose. The court did not address plaintiff's failure to specify the amount of fees sought.

¶ 12                              A. Prior Appeal

¶ 13    Plaintiff appealed the circuit court's denial of its motion for sanctions. We found that the circuit court did not address Farrell's misconduct with respect to defendants' responses to plaintiff's requests to admit or their answer to its complaint. *Id.* ¶ 20. The misrepresentations about the bond in those documents filed with the court were subject to Rule 137 sanctions, and therefore the circuit court erred when it found that none of Farrell's misconduct was within the scope of Rule 137. *Id.* ¶¶ 20-21. While plaintiff did not specify the amount of fees sought, we explained that the circuit court had the discretion to permit an amendment to that effect. *Id.* ¶ 25. The circuit court never exercised that discretion, however, because it initially determined that none of the misconduct was subject to Rule 137. *Id.* Thus, because the circuit court's initial determination was error, we vacated the denial of sanctions and remanded the cause. *Id.* ¶ 26. We noted that on remand the circuit court had the discretion to allow plaintiff to file an amended motion specifying the amount of fees sought. *Id.*

¶ 14                        B. Amended Motion for Sanctions

¶ 15    Our mandate was filed with the circuit court on August 16, 2016. Plaintiff filed its amended motion for sanctions against defendants on January 25, 2018, based on their misrepresentations about securing a bond. Plaintiff sought all of its attorney fees and costs incurred in prosecuting the case, which amounted to $127,478.80 in attorney fees and $6074.08 in costs. Defendants responded on February 23, 2018, arguing in part that the court lacked jurisdiction to hear the motion because it was filed so long after the mandate issued.

¶ 16    The circuit court heard the amended motion on March 29, 2018. Defendants argued that "the issue of timing had to be addressed" and that they did not "see how somebody can wait 527 days to file a renewed motion." Defendants asserted that plaintiff had to bring its amended motion within a reasonable time and 527 days was not reasonable. Defendants also argued that, beyond the issue of timeliness, not every occurrence in this case was "soured" simply because of "one man's actions," referring to Farrell.

¶ 17    The court interjected that the "issue here is all about justice and reasonableness." It noted that plaintiff's reply indicated that, after the mandate issued, there were settlement negotiations and its counsel had a separate, lengthy jury trial. The court asked how it could decide what was

reasonable when the case had been going on for five years before the mandate issued and the delay after the mandate issued was less than one year and five months. The court allowed the amended motion in the interest of "justice and fairness" and based on the "reasonableness of the timeliness."

¶ 18    Having rejected defendants' jurisdictional argument, the court turned to the award of fees. The court stated that it had to determine whether Farrell's misconduct was the cornerstone of the litigation. It also had to consider whether defendants' arguments were baseless or made in good faith. If defendants made good-faith arguments, then plaintiff was not entitled to recover all of its fees but only those attributable to Farrell's misrepresentations.

¶ 19    The court concluded that, although it was a "tough call," defendants' arguments after Farrell was removed from the case were not baseless. It found that those arguments were researched and made in good faith, including defendants' argument that they did not need a bond for the project. The court granted plaintiff attorney fees limited to those incurred between June 25, 2010, and February 13, 2013, which was when defendants' new counsel stated that there was no bond and began asserting other defenses.

¶ 20    The court continued the case so that the parties could prepare an accounting of the fees from June 25, 2010, to February 13, 2013. After receiving the fee accounting, the court entered a written order on April 4, 2018, awarding plaintiff $31,907.79 in sanctions.

¶ 21    Plaintiff timely appealed, and defendants timely cross-appealed.

¶ 22                                    II. ANALYSIS
¶ 23                                   A. Jurisdiction
¶ 24    We first address defendants' argument on cross-appeal that plaintiff's amended motion for sanctions was untimely. Defendants argue that the amended motion was untimely (1) because the motion was filed beyond Rule 137's 30-day limit or, (2) if Rule 137's time limit did not apply, because the motion was filed after an unreasonable amount of time under Illinois Supreme Court Rule 369 (eff. July 1, 1982).

¶ 25    Defendants first argue that because plaintiff's amended motion for sanctions fell beyond Rule 137's 30-day limit, the circuit court lacked jurisdiction to award sanctions. Our mandate issued on August 16, 2016, which defendants agree gave the circuit court discretion to allow plaintiff to file an amended motion specifying the fees sought. However, they argue that plaintiff's initial motion for sanctions, filed before the prior appeal, cannot sustain jurisdiction for its amended motion, filed 527 days after the mandate issued, as the court cannot retain subject matter jurisdiction indefinitely. They cite *Short v. Pye*, 2018 IL App (2d) 160405, ¶¶ 38-44, arguing that the purpose of Rule 137 is to provide a speedy and efficient remedy on motions for sanctions. While defendants concede that this case differs factually from *Short*, they argue that both cases involve an untimely amendment and prejudice to the opponent.

¶ 26    Defendants also argue that, if Rule 369 controls, plaintiff still had to file its amended motion for sanctions within a reasonable amount of time. They contend that plaintiff's reading of Rule 369 as having no time limit is at odds with Rule 137's intent to provide a speedy and efficient resolution and that unending jurisdiction would be "incomprehensible." Defendants cite *National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 832-35 (1995), for the proposition that, even when the governing rule does not list a specific time constraint, litigants have a duty to reinstate their case within a reasonable time. They argue that

plaintiff did not demonstrate diligence or an excuse for the delay and that therefore the circuit court's ruling that it had jurisdiction was error.

¶ 27    Plaintiff responds that Rule 137's 30-day limit does not apply and that the circuit court had jurisdiction to hear its amended motion. It notes that the final judgment in this case was entered on December 19, 2014, when the court granted summary judgment for plaintiff, and it argues that Rule 137's time constraints no longer applied on remand, when the final judgment had been entered almost two years earlier and there were no other postjudgment motions pending. In other words, plaintiff argues that there was no "trigger" for Rule 137's 30-day limit on remand.

¶ 28    In addition, plaintiff argues that its amended motion for sanctions was timely under Rule 369. It points to settlement negotiations following our mandate's issuance. It also notes that defendants did not move to strike its amended motion, instead making an appearance and agreeing to a briefing schedule.

¶ 29    We hold that the circuit court had jurisdiction to hear the amended motion for sanctions and that it did not abuse its discretion in allowing the amended motion. First, we reject the argument that Rule 137's 30-day limit applies to this case. Rule 137(b) provides, in pertinent part, that motions "brought pursuant to this rule must be filed within 30 days of the entry of final judgment, or if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion." Ill. S. Ct. R. 137(b) (eff. July 1, 2013). Here, the circuit court entered final judgment on December 19, 2014, when it granted summary judgment in favor of plaintiff. Plaintiff then timely filed a postjudgment motion for prejudgment interest on January 14, 2015, and it filed its renewed motion for sanctions on February 2, 2015. Thus, plaintiff's February 2, 2015, motion for sanctions was timely under Rule 137(b).

¶ 30    The issue that defendants raise is whether Rule 137(b)'s time limit extends to the amended motion for sanctions on remand. We are thus tasked to interpret Rule 137, which we do as if interpreting a statute. *Short*, 2018 IL App (2d) 160405, ¶ 38. We must construe the rule to ascertain and give effect to the drafters' intent, with the most reliable indicator of that intent being the language used, given its plain and ordinary meaning. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002). The interpretation of Rule 137 is a question of law, which we review *de novo*. *People v. Brindley*, 2017 IL App (5th) 160189, ¶ 15.

¶ 31    Defendants argue that *Short* supports the application of Rule 137 here, but we find the factual differences between *Short* and this case significant. In *Short*, we addressed whether the defendants could amend their motion for sanctions to add new attorneys beyond Rule 137's 30-day limit. *Short*, 2018 IL App (2d) 160405, ¶ 40. We held that the defendants' amended motion was untimely, explaining, importantly, that the defendants did not "amend" a timely motion but instead raised an untimely claim for sanctions against new parties. *Id.* ¶ 44.

¶ 32    In contrast, plaintiff did not file a new claim for sanctions on remand. Its amended motion actually was an amended motion because it was against the same parties and for the same misconduct, including the misrepresentations about whether defendants had obtained a bond. We specifically stated in *Panel Built I* that the circuit court on remand had "the discretion to allow [plaintiff] to file an amended motion that specifies the amount of fees sought." *Panel Built I*, 2016 IL App (2d) 150574-U, ¶ 26. Plaintiff accordingly amended its motion to request $127,478.80 in attorney fees and $6074.08 in costs. We note that, in general, a circuit court's decision to allow a party to amend its motion for sanctions is guided by general pleading rules

and rests within the sound discretion of the court. *In re Petition of the Village of Kildeer to Annex Certain Territory*, 191 Ill. App. 3d 713, 720 (1989).

¶ 33    Thus, Rule 137's time limit is simply not at issue here. The plain language of Rule 137 limits when alleged Rule 137 violations may be brought, but it makes no mention of limiting amendments to a timely claim. Here, plaintiff complied with Rule 137(b) by timely filing its renewed motion for sanctions before its prior appeal. The decision on remand to allow an amendment was a matter for the circuit court's discretion, not of compliance with Rule 137. Accordingly, the court had jurisdiction to exercise its discretion and allow the amendment.

¶ 34    We also reject defendants' argument that plaintiff's amended motion for sanctions was untimely under Rule 369. Rule 369(c) provides that, "[w]hen the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." Ill. S. Ct. R. 369(c) (eff. July 1, 1982). Courts have interpreted Rule 369(c) to require that the prevailing party on remand reinstate the cause within a reasonable time. *National Underground Construction Co.*, 273 Ill. App. 3d at 836; see *Ryan v. Kontrick*, 335 Ill. App. 3d 225, 228-29 (2002) (explaining Rule 369(c)'s reasonableness requirement); *People v. NL Industries, Inc.*, 297 Ill. App. 3d 297, 300-01 (1998) (same). A determination of whether reinstatement is made within a reasonable time should take into account the totality of the circumstances, in particular any reason for undue delay. *National Underground Construction Co.*, 273 Ill. App. 3d at 836. We will not reverse a decision on a Rule 369(c) reinstatement absent an abuse of discretion. *Ryan*, 335 Ill. App. 3d at 229. An abuse of discretion occurs only when the circuit court's decision is arbitrary, fanciful, or unreasonable or no reasonable person would adopt the view of the circuit court. *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 35    Here, the circuit court did not abuse its discretion in permitting plaintiff's amended motion for sanctions on remand. Although plaintiff did not file its amended motion until January 25, 2018, nearly 17 months after our mandate, the court considered that plaintiff had attempted settlement negotiations after remand. The court also considered that it had presided over the case for 5 years before the mandate, whereas the delay after the mandate was less than 1½ years. The court characterized the issue as one of "justice and fairness," and it ultimately allowed the amended motion, based on the "reasonableness of the timeliness." In contrast, the appellate court in *National Underground Construction Co.*, 273 Ill. App. 3d at 837, affirmed the circuit court's denial of the plaintiff's motion to reinstate its case on remand where the plaintiff did not seek to reinstate for 23 months and offered no explanation for its delay.

¶ 36    Thus, the record establishes that the circuit court considered the totality of the circumstances, including plaintiff's reason for the delay, and that it did not abuse its discretion in permitting the amended motion for sanctions.

¶ 37                                        B. Sanctions

¶ 38    Plaintiff argues on its appeal that the circuit court abused its discretion when it did not award it all of the attorney fees and costs it incurred in this litigation. Plaintiff first contends that the existence of the bond was the cornerstone of the litigation and that a party may recover all fees and costs when a misrepresentation is the cornerstone of a baseless lawsuit. In support, plaintiff cites *Dayan v. McDonald's Corp.*, 126 Ill. App. 3d 11 (1984), and *Ashley v. Scott*, 266 Ill. App. 3d 302 (1994). In *Dayan*, the plaintiff, a restaurant franchisee, sought to enjoin the defendant-franchisor from terminating his franchise. *Dayan*, 126 Ill. App. 3d at 13. There, the

plaintiff's false assertions that he had complied with the franchise agreement and that the defendant had acted in bad faith were the "gravamen of [the plaintiff's] entire action without which there would be no dispute and no need for trial." *Id.* at 24. Likewise, in *Ashley*, the plaintiff, a passenger injured in an automobile accident, was properly sanctioned for failing to make a reasonable inquiry into the negligent-entrustment claim against the driver's father. *Ashley*, 266 Ill. App. 3d at 306. The *Ashley* court explained that all of the defendant-father's legal expenses were incurred as a result of the untrue pleading because, but for that pleading, he would not have been a party to the case. *Id.* at 307.

¶ 39    Plaintiff argues that, like the plaintiffs' misconduct in *Dayan* and *Ashley*, defendants' misrepresentations about the bond were unreasonable and were central to their defense throughout the lawsuit. Further, defendants did not admit until 1½ years after plaintiff filed suit that they had not procured a bond. Only then did defendants argue that they were not required to procure a bond.

¶ 40    Moreover, plaintiff argues that defendants' arguments after the disclosure of its bond misrepresentations were unreasonable. It argues that defendants failed to make a reasonable inquiry as to the legitimacy of their subsequent arguments, which included arguing that the construction project was not a public work despite previously admitting that it was. It characterizes defendants' defense as an "everything but the kitchen sink approach," in which they argued a multitude of theories that did nothing but prolong the litigation. Finally, plaintiff argues that its requested attorney fees and costs of $127,478.80 and $6074.08, respectively, were reasonable, noting that neither defendants nor the circuit court questioned the reasonableness of these numbers.

¶ 41    Defendants respond that a defense was necessary in this case and that they argued in good faith. They recognize that Farrell's responses to plaintiff's requests to admit were improper, but they contend that, upon realizing his misconduct, defendants removed him from the case and changed course with new counsel. They further point to their success in winning summary judgment on count III (Mechanics Lien Act) on February 20, 2014, and in defending against plaintiff's postjudgment motion for prejudgment interest. With respect to count III, defendants argue that victory here was important because the Mechanics Lien Act allowed for recovery of attorney fees. Defendants conclude that the court acted reasonably in limiting the award of sanctions to the time frame of Farrell's representation.

¶ 42    We will not disturb a circuit court's decision on a motion for Rule 137 sanctions absent an abuse of discretion. *CitiMortgage, Inc. v. Johnson*, 2013 IL App (2d) 120719, ¶ 19. We consider primarily whether the decision was informed, was based on valid reasoning, and followed logically from the facts. *Whitmer v. Munson*, 335 Ill. App. 3d 501, 514 (2002). An isolated focus on each reimbursable component is not necessary where false allegations made without reasonable cause are the cornerstone of the entire baseless lawsuit. *Dayan*, 126 Ill. App. 3d at 23-24.

¶ 43    We hold that the circuit court abused its discretion in limiting the sanctions to conduct occurring between June 25, 2010, and February 13, 2013. As we explain below, the court reasonably concluded that Farrell's misrepresentations about the bond were sanctionable but were not the cornerstone of the litigation. Nevertheless, the court abused its discretion when it failed to consider defendants' arguments after Farrell's removal in light of defendants' prior admissions, including their argument that the construction project was not a public work after previously admitting that it was.

¶ 44    We first disagree with plaintiff that Farrell's misrepresentations were the cornerstone of the litigation as were the false pleadings in *Dayan* and *Ashley*. In those cases, the plaintiffs were the parties sanctioned, and all of the defendants' fees and costs were attributable to the plaintiffs' false pleadings. In other words, but for the plaintiffs' sanctionable conduct, the defendants would not have been parties to the litigation. Here, on the other hand, plaintiff was the plaintiff, and the impetus for the action was that it did not receive payment for its work on the storage system for AIS. Moreover, only count II of plaintiff's complaint was for a violation of the Bond Act. Even after defendants disclosed the lack of a bond, plaintiff continued to litigate count III under the Mechanics Lien Act, and defendants won summary judgment on count III. Defendants rightly point out that plaintiff sought attorney fees in count III under section 17 of the Mechanics Lien Act (770 ILCS 60/17 (West 2008)) and that they therefore had an additional incentive to defend that count. Defendants' successful defense of count III demonstrates that the circuit court reasonably found that not all fees and costs in this case were the result of Farrell's misrepresentations. Given these facts, the circuit court did not abuse its discretion when it declined to award plaintiff all of its fees and costs but instead awarded it $31,907.79 stemming from Farrell's time representing defendants.

¶ 45    Nevertheless, we hold that the circuit court abused its discretion in failing to consider whether defendants' arguments after Farrell's removal were well grounded in fact—in particular, whether defendants' argument that the construction project was not a public work was baseless in light of their March 8, 2012, admission that it was. Although defendants' March 2012 responses to plaintiff's requests to admit were signed by Farrell, defendants never moved to withdraw them after Farrell was removed from the case. We note that admissions in response to requests to admit under Illinois Supreme Court Rule 216 (eff. July 1, 2014) are tantamount to judicial admissions. *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 125 (1995). Judicial admissions cannot be controverted by contrary evidence, and they have the effect of withdrawing a fact from contention. *Moy v. Ng*, 371 Ill. App. 3d 957, 960 (2007).

¶ 46    Here, the circuit court framed the issue as whether defendants' subsequent arguments were "baseless as opposed to made in good faith," and although it called the decision a "tough call," it found that the arguments were made in good faith. It noted that defendants' counsel was "articulate," "did research," and made a "good faith argument" that they did not need a bond. When plaintiff's counsel interjected that defendants had previously admitted that the project was a public work, the court responded that the "bottom line is I don't think those arguments were baseless." While there might have been merit to defendants' public-work argument in isolation, the court should have addressed whether the argument was "well grounded in fact" when defendants previously admitted that the project was a public work. See Ill. S. Ct. R. 137(a) (eff. July 1, 2013) ("[t]he signature of an attorney *** constitutes a certificate" that the document "is well grounded in fact and is warranted by existing law or a good-faith argument for the extension *** of existing law"). It failed to do so, and given that defendants' public-work admission had the effect of withdrawing the fact from contention (see *Rath v. Carbondale Nursing & Rehabilitation Center, Inc.*, 374 Ill. App. 3d 536, 538 (2007)), this failure constituted an abuse of discretion.

¶ 47    Accordingly, the circuit court abused its discretion in limiting its sanctions award against defendants to the $31,907.79 incurred from June 25, 2010, to February 13, 2013. We affirm the award of $31,907.79, reverse the denial of sanctions for actions after February 13, 2013, and

remand for further proceedings consistent with this opinion.

¶ 48                          III. CONCLUSION

¶ 49      For the reasons stated, the judgment of the De Kalb County circuit court is affirmed in part and reversed in part, and we remand for further proceedings.

¶ 50      Affirmed in part and reversed in part.

¶ 51      Cause remanded.