2021 IL App (2d) 200637-U
No. 2-20-0637
Order filed June 7, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).
_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF COLLEEN KENT, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Petitioner, | ) | |
| | ) | |
| and | ) | No. 17-D-809 |
| | ) | |
| LUIS CORTEZ, | ) | |
| | ) | |
| Respondent-Appellee, | ) | Honorable |
| | ) | Michael W. Reidy, |
| (Douglas P. Trent, Petitioner-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Zenoff and Schostok concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court's order sanctioning counsel is affirmed.

¶ 2     In 2019, petitioner, Colleen Kent, and respondent, Luiz Cortez, divorced. Appellant,

Douglas P. Trent, represented Colleen during the trial court proceedings. We resolved Colleen's

appeal concerning the judgment in *In re Marriage of Kent*, 2020 IL App (2d) 190905-U. The

present appeal concerns attorney Trent's challenge to the trial court's order after the initial appeal,

denying his motion to dismiss Luis's motion for sanctions pursuant to Illinois Supreme Court Rule

137 (eff. Jan. 1, 2018), and sanctioning Trent in the amount of $5000. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On July 22, 2019, the court issued its oral decision, dissolving the parties' marriage. On July 31, 2019, before the court had entered its written decision, Colleen moved to re-open proofs, and, on August 14, 2019, for the court to reconsider its ruling (both motions were later denied). On August 27, 2019, the trial court entered its written dissolution judgment order.

¶ 5     In addition to the motion to re-open proofs and to reconsider, Colleen filed several other post-judgment motions, including a petition for Rule 137 sanctions, petitions for attorney fees or consent judgment, a motion to clarify the judgment, and a petition to enforce prior orders. The motions were noticed for hearing on November 6, 2019.

¶ 6     On September 6, 2019, Luis moved for Rule 137 sanctions and, on October 21, 2019, he amended the motion.

¶ 7     At the hearing on Colleen's remaining post-judgment motions, November 6, 2019, she withdrew them. In addition, the trial court struck Luis's amended Rule 137 motion for exceeding the page limitations delineated in local rules. The case was set for status in mid-November and then again on December 3, 2019, at which time Luis apparently asked the court for leave to re-file his Rule 137 motion and the court provisionally agreed. Ultimately, however, the court entered an order with Rule 304(a) language (Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016)). [1]

_____

[1] A transcript from the December 3, 2019, hearing is not in the record on appeal. Luis's request for leave to re-file his Rule 137 motion, the court's agreement that he could do so, but his inability to do so at that time, as Rule 304(a) language allowed the appeal, are derived from Luis's

¶ 8    Colleen raised nine issues on appeal.  On May 26, 2020, we rejected them all, in part noting, as had the trial court, that, with respect to attorney fees, Colleen had been more litigious than Luis.  See *In re Marriage of Kent*, 2020 IL App (2d) 190905-U, ¶¶ 48, 79.

¶ 9    On June 15, 2020, the trial court entered an order that the appellate court decision was "spread of record."[2]  On July 15, 2020, Luis filed various petitions and then, on July 17, 2020, he filed a motion for Rule 137 sanctions against Trent.  He argued, in part, that several motions filed posttrial by Trent on Colleen's behalf were not based in fact or law and were not filed in good faith.  For example, when Trent filed his first petition for attorney fees, Luis's counsel and the court reminded counsel that he could not do so while he remained counsel of record; yet, he simply filed an amended petition for fees and another petition for a consent judgment, essentially seeking entry of fees without the benefit of a hearing for his client on those fees.  Luis argued that, due to the numerous filings, his counsel was required to respond and appear in court nine times.  Then, on the day of the November 6, 2019, hearing, Colleen's multiple motions were simply withdrawn.  Luis represented that, from the entry of the July 22, 2019, dissolution judgment through December 3, 2019, when the court issued its Rule 304(a) language, he had incurred over $38,000 in additional attorney fees and costs, most of which were incurred in the defense of the nine motions/petitions filed by Trent on Colleen's behalf.  He further noted that the substantial increase in postjudgment litigation costs would result in Colleen receiving no funds from the marital estate; hence, both parties to the litigation were being substantially harmed.  Luis requested that the court impose

_____

response to Trent's later motion to dismiss Luis's 2020 Rule 137 motion.

    [2] Our mandate did not issue until August 11, 2020.

against Trent sanctions and award Luis the fees he incurred to answer or defend Colleen's posttrial motions.

¶ 10    Trent moved to dismiss the motion, arguing that it was untimely (735 ILCS 5/2-619(a)(5) (West 2018)).  Specifically, he noted that Rule 137 requires that any sanctions motions be filed within 30 days of the ruling on any postjudgment motions and that Luis's July 17, 2020, "amended" Rule 137 motion was not within 30 days of the posttrial motions (which were denied September 23, 2019) or his withdrawal of other posttrial motions (November 6, 2019).  In response, Luis noted, in part, that postjudgment proceedings before the trial court had not concluded and that the July 2020 motion was an amended version of his original motion for sanctions filed on September 9, 2019.  In reply, Trent asserted, in part, that the 2020 sanctions motion should not relate back to the 2019 sanctions motion, because the 2019 motion was filed against only Colleen, whereas the 2020 motion was filed against him.

¶ 11    On October 5, 2020, a hearing was held on Trent's motion to dismiss Luis's Rule 137 motion.  The court rejected Trent's arguments, disagreeing that the original Rule 137 motion had not included Trent and noting that it retained jurisdiction over these posttrial issues.  As such, it denied the motion to dismiss.

¶ 12    As to the merits of Luiz's Rule 137 the motion, the court noted:

> "[O]n November 6th, 2019, on the date that we were set for hearing, Colleen withdrew her motion to clarify the judgment and to enforce prior court orders, her petition for attorney[] fees or for entry of consent judgment, her motion for 137 sanctions, her amended verified petition for attorney's fees or for entry of consent for attorney[] fees, and verified petition for approval of consent security.

Now, as it relates to the 137 sanctions, Mr. Trent has indicated that he did not give an explanation of why that was withdrawn. He also conceded that that was not an issue that he brought up on appeal. Even with relation to some of the other issues the Court inquired about, the attorney[] fees, the only way in which they were brought up on appeal was as it relates to whether Luis should be contributing to Colleen's attorney[] fees, not to a consent judgment and not to a—some sort of fee arrangement or fee dispute between the two of them.

Counsel, as experienced as he is, should be infinitely aware that no petition of a counsel's [*sic*] record may be filed against a client unless the filing counsel previously was granted leave to withdraw as counsel. At the time that he filed those petitions, he did not have leave to withdraw. In fact, he was the attorney of record and apparently even on into the appeal. And that is found at 750 ILCS 5/508(c)(1) [(West 2018)]. So that was a filing that Counsel should have known that he should not be filing before this Court because he was still the attorney of record. Again, that issue was not brought up on appeal, neither was the 137 sanctions."

¶ 13 The court cited authority that it deemed as supporting the notion that baseless or harassing filings may give rise to sanctions, even if those filings were withdrawn. See *People v. Stefanski*, 377 Ill. App. 3d 548 (2007); *Pines v. Pines*, 262 Ill. App. 3d 923 (1994). After considering the facts and caselaw, the court found:

"[T]he attorney[] fees, that was not well-grounded in fact and warranted by existing law. Counsel should know better than to file a petition for attorney[] fees against his own client when he was still the attorney of record.

In addition, he concedes that with respect to the 137 that he filed and then withdrew, there was no explanation of that. The Court never heard any. So the Court makes a finding that those filings and then the withdrawal of those petitions and motions on the date of hearing needlessly increased the cost of litigation. The Court finds that there was bad faith in the filing of those motions and then withdrawing those motions. The Court is going to sanction [Mr. Trent] $5,000."

¶ 14    Trent told the trial judge multiple times that *he* [*i.e.*, the judge] should be ashamed of himself, for he had earlier ordered Colleen and the children to move out of the marital home within 21 days. Trent also commented that the wrong person was being sanctioned. He appeals.

¶ 15                                II. ANALYSIS

¶ 16    On appeal, Trent challenges the court's denial of his section 2-619 motion to dismiss the Rule 137 motion as untimely and the court's imposition of sanctions. We note first that Luis has not filed an appellee's brief. Because the record is simple and the claimed errors are such that we can easily decide them without the aid of an appellee's brief, we address the merits of the appeal. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 17                            A. Motion to Dismiss

¶ 18    Trent argues first that the trial court erred in denying his motion to dismiss the Rule 137 motion as untimely. We disagree.

¶ 19    As relevant here, Rule 137 provides:

"(a) *** The signature of an attorney or party constitutes a certificate by him [or her] that he [or she] has read the pleading, motion or other document; that to the best of his [or her] knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the

extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. ***

(b) *** Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment, or if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion." Ill. Sup. Ct. R. 137 (eff. Jan. 1, 2018).

¶ 20    Generally, we review *de novo* a court's ruling on a section 2-619 motion. See, *e.g.*, *Krilich v. American National Bank & Trust Co. of Chicago*, 334 Ill. App. 3d 563, 571 (2002). Here, however, the trial court's ruling was premised on its determination that Luis's July 2020 motion for sanctions was not untimely, because it was an amended version of the timely-filed 2019 sanctions motion. We agree and find instructive this court's decision in *Panel Built, Inc. v. De Kalb County*, 2019 IL App (2d) 180334. There, in an initial appeal, this court remanded a sanctions ruling that had, noted, in part, that, on remand, the trial court had discretion to allow an amended motion. On remand, however, the movant did not file an amended Rule 137 motion until 527 days after our mandate issued. In the second appeal, this court rejected the argument that the post-remand Rule 137 motion was untimely and disagreed that Rule 137(b)'s time limit extended to the amended motion for sanctions. *Id*. ¶¶ 32-33. Specifically, we noted that the motion at issue was not a new motion; rather, it was an amended version of a timely-filed Rule 137 motion. *Id.* ¶ 32. Further, we noted that, generally, a trial court's decision to allow a party to amend its sanctions motion is guided by general pleading rules and rests within the court's sound discretion. *Id.* Finally, we held that Rule 137(b)'s time limit did not apply to the amended motion. *Id.* ¶ 33.

¶ 21    Trent's reliance on *Short v. Pye*, 2018 IL App (2d) 160405, is misplaced. There, this court found untimely a sanctions motion that was *not* an amended motion; rather, it was a new motion

filed against new parties beyond Rule 137's 30-day timeframe. *Id.* ¶ 44. Here, the 2020 motion was not a new motion against new parties (and Trent does not, on appeal, challenge the trial court's rejection of his argument in that vein).

¶ 22    Similarly, Trent's reliance on *Lakeshore Centre Holdings, LLC v. CHC Loan, LLC*, 2019 IL App (1st) 180576, is also misplaced, as, there, the Rule 137 motion was rejected, because it was filed nearly five months after entry of the trial court's final judgment and *while the case was on appeal*; accordingly, the trial court lacked jurisdiction to consider the motion. *Id.* ¶ 21. Here, the timely-filed motion was presented *before* the appeal, and the amended motion was filed *after* this court resolved Colleen's appeal. As such, unlike in *Lakeshore*, the trial court here did not rule on the sanctions motion during the appellate process.

¶ 23    Here, Luis timely filed a sanctions motion, which was stricken by the court for exceeding page limitations. However, Luis represented in response to the motion to dismiss that the court granted him leave to re-file, but then lost jurisdiction during the appeal. Trent does not dispute that representation, but, in any event, the court appears to have accepted that position, as it viewed the 2020 sanctions motion as an amended version of the timely-filed motion. As noted, the court's decision to allow that amendment rests in its sound discretion (*Panel Built*, 2019 IL App (2d) 180334, ¶ 32), and because Rule 137(b)'s time limit does not apply to amended versions of timely-filed motions (*Id.* ¶ 33), the court's denial of Trent's motion to dismiss was not error.

¶ 24                      B. Rule 137 Sanctions

¶ 25    We next consider Trent's argument that the trial court abused its discretion when it sanctioned him $5000. He argues that the court focused on his withdrawal of certain pleadings in November 2019, but that only two would have required Luis's response. Specifically, Trent acknowledges that the court found that his filing and subsequent withdrawal of (1) the motion to

clarify judgment and to enforce prior court orders, (2) motion for Rule 137 sanctions, and (3) motions regarding attorney fees were brought in bad faith and needlessly increased the costs of litigation, but he asserts that his petitions for attorney fees "had nothing to do with Luis" and that Luis' counsel did not have to do anything with respect to those motions. Trent asserts that the filings were consistent with an attorney's obligation to zealously advocate on the client's behalf. Trent asserts that the court did not evaluate what was reasonable at the time of filing, or it would not have imposed any sanctions, because the filings were not made with improper purpose and the withdrawals were to instead pursue an appeal.

¶ 26 We review for an abuse of discretion a trial court's ruling on a motion for Rule 137 sanctions. See, *e.g.*, *Rubin and Norris, LLC v. Panzarella*, 2016 IL App (1st) 141315, ¶ 49. An abuse of discretion occurs only where no reasonable person would take the view adopted by the trial court. See, *e.g.*, *Seymour v. Collins*, 2015 IL 118432, ¶ 41. "We consider primarily whether the decision was informed, was based on valid reasoning, and followed logically from the facts." *Panel Built, Inc.,* 2019 IL App (2d) 180334, ¶ 42.

¶ 27 Here, we cannot say that no reasonable person would agree with the court's decision to sanction Trent. Indeed, when reviewing decisions concerning Rule 137 sanctions, "the deferential standard is applied because generally the conduct at issue occurred before the judge issuing the sanctions, who, therefore, is in the best position to determine whether the challenged conduct warranted penal sanctions or because the trial court heard testimony from individuals involved in the challenged conduct." *Mohica v. Cvejin*, 2013 IL App (1st) 111695, ¶ 50. Here, the trial judge was intimately familiar with the case, parties, and attorneys (indeed, it had previously noted the litigiousness with which Colleen and her counsel pursued the case). As Trent concedes, the court did not find convincing that *all* posttrial filings identified by Luis warranted sanctions, but after

considering all circumstances and hearing argument, it determined that some of the filings and withdrawals thereof were not made in good faith. The court clearly considered carefully each challenged filing, and it was in the best position to weigh and assess whether those filings warranted sanctions.

¶ 28    Trent does not agree that his filings, particularly those concerning attorney fees, necessarily resulted in direct costs to Luis. However, we note that the court did not award sanctions in an amount even *close* to the $38,000 in additional attorney fees and costs Luis alleged to have incurred postjudgment. As such, the court implicitly determined that *some* of Luis's postjudgment fees did not directly result from Trent's alleged misconduct. Nevertheless, the court did find that Trent filed motions alleging issues that required Luis's response and his counsel's appearance, then withdrew those motions, and then, although he claimed that they were withdrawn to pursue an appeal, did not appeal the issues in those withdrawn motions. Further, given Trent's lengthy legal career, the court did not find credible that his multiple filings for attorney fees and consent judgments, while he continued to represent his client, were filed for a proper purpose and, as such, that they were not well-based in law or fact. Indeed, section 508(c)(1) plainly states, "[n]o petition of a counsel of record may be filed against a client *unless the filing counsel previously has been granted leave to withdraw* as counsel of record *or has filed a motion for leave to withdraw* as counsel." (Emphases added.) 750 ILCS 5/508(c)(1) (West 2018)). According to Luis's 2020 sanctions motion, after Trent filed his first petition for attorney fees, Luis's counsel and the court reminded Trent that doing so while he remained counsel of record was improper, yet he simply filed an amended petition without moving to withdraw (indeed, while we do not have a transcript reflecting the court's alleged reminder, the record does not show Trent as having filed a motion to withdraw as counsel between the original and amended petitions). Moreover, although Trent's

petitions for attorney fees against Colleen might not have directly required Luis's response, Luis's counsel was not unreasonable in pointing out to the court that the petitions for fees were improper and that all filings and fees in this dissolution case affected the total recovery available to *all* parties.

¶ 29    In sum, the court's sanctions ruling was not an abuse of discretion.

¶ 30                                III. CONCLUSION

¶ 31    For the reasons stated, the judgment of the circuit court of Du Page County is affirmed.

¶ 32    Affirmed.